Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSE BORN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE COLLECTION SERVICE, INC., a Foreign Profit Corporation,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Rose Born, on behalf of herself and all others similarly situated, by and through her attorney, Kirk D. Miller of *Kirk D. Miller, P.S.*, alleges the following:

## I. COMPLAINT

1.1. This is an action for damages and remedies against STATE COLLECTION SERVICE, INC. (hereinafter "Defendant State"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et*

*seq*., ("FDCPA"), Washington Collection Agency Act, RCW 19.16, *et seq*., ("WCAA"), and Washington's Consumer Protection Act, RCW 19.86, *et seq*., ("CPA").

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2. Supplemental jurisdiction of this Court over state law claims alleged herein arises under 28 U.S.C. § 1367.

2.3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1. Plaintiff Rose Born is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.2. Plaintiff Born is a natural person.

3.3. Plaintiff Born was alleged to be obligated to pay a debt to Defendant State.

3.4. Plaintiff Born's alleged debt was an obligation to pay money to Defendant State arising out of a transaction primarily for personal, family, or household purposes.

3.5. Specifically, the debt that Defendant State alleges Plaintiff Born owes is for charges related to a hospital bill.

3.6. Defendant State is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.7. Defendant State is a "collection agency" as defined by RCW 19.16.100(4).

3.8. Defendant State is an "out-of-state collection agency" as defined by RCW 19.16.100(10).

3.9. Defendant State's conduct is regulated by the FDCPA.

3.10. Defendant State's conduct is regulated by the WCAA, RCW 19.16, *et seq*.

## IV. PARTIES

4.1. At all relevant times, Plaintiff Rose Born was a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2. Defendant State is a Wisconsin-based business primarily engaged in the business of collecting debts on behalf of creditors in the state of Washington and elsewhere.

## V. FACTS

5.1. In January 2018, Plaintiff was treated for a serious medical condition at MultiCare Deaconess Hospital in Spokane, WA.

5.2. MultiCare billed Plaintiff Born for the services it claimed to have performed for her.

5.3. Plaintiff could not afford to pay the balance in full at the time that she was billed.

5.4. Plaintiff made periodic payments to MultiCare for the billed charges.

5.5. MultiCare assigned collection of the billed charges to Defendant State.

5.6. In October 2018, when Plaintiff contacted MultiCare to pay off her remaining balance, she was told by the MultiCare billing department that her account had been assigned to “state collections”.

5.7. Plaintiff understood that “state collections” meant that the debt was being collected by the state of Washington.

5.8. Plaintiff also believed that the consequences of a government entity collecting a debt could have more dire consequences than if a private company was going to collect.

5.9. The implication that the debt had been assigned to the state of Washington for collection caused Plaintiff to experience undue worry, anxiety, frustration, and other negative emotions.

5.10. In November 2018, Plaintiff contacted Defendant State by telephone and confirmed that it is indeed a debt collector that operates under the name State Collection Service.

5.11. Defendant State routinely identifies itself to consumers in telephone communications as "State Collection Service", omitting the only reference that the debt collector may be a company and not affiliated with an actual state.

5.12. Defendant State identified itself to Plaintiff as State Collection Service in the telephone communication.

5.13. In November 2018, Plaintiff Born received a communication in the form of a letter from Defendant State dated November 7, 2018.

5.14. Defendant State's November 7, 2018, letter alleged Plaintiff Born owed sixty dollars and forty-seven cents ($60.47).

5.15. Nowhere did the November 7, 2018 letter disclose that Defendant State is not affiliated with any actual state or government entity.

5.16. Plaintiff paid Defendant State the full amount of the claimed charges, in the amount of sixty dollars and forty-seven cents ($60.47).

## VI. VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT, RCW 19.16, *et seq*.

6.1. Defendant State routinely holds itself out as "State Collection Service".

6.2. Defendant State is not affiliated with any state or government, or any agency of a state or government entity.

6.3. Defendant State violated RCW 19.16.250(4), which prohibits Washington collection agencies from "mak[ing] any statements which might be construed as indicating an official connection with any federal, state, county, or city law enforcement agency, or any other governmental agency, while engaged in collection agency business".

6.4. The name "State Collection Service" indicates that Defendant has an official connection with a state.

6.5. Defendant State violated RCW 19.16.250(20), which prohibits any collection agency from "[i]n any manner convey[ing] the impression that the licensee is vouched for, bonded to or by, or is an instrumentality of the state of Washington or any agency or department thereof."

6.6. Defendant State's violations of RCW 19.16.250(4) and (20) are per se unfair and deceptive acts or practices pursuant to RCW 19.16.440.

6.7. Defendant State's violations of RCW 19.16.250(4) and (20) affect the public interest as they have the capacity to injure other persons.

6.8. Defendant State's unlawful collection activities impact not only Washington consumers but also creates an unfair advantage over other collection agencies that abide by Washington State Law.

6.9. Defendant State's illegal use of its name occurred in its trade as a collection agency and, specifically, in the act of collecting claims from Washington consumers.

6.10. Defendant State's actions caused Plaintiff to suffer harm in her business or property.

6.11. A violation of the Washington Collection Agency Act "constitute[s] a per se violation of the Washington Consumer Protection Act." RCW 19.86, *et seq*. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 157, 803 P.2d 10, 13 (1991).

## VII. VIOLATIONS OF THE FDCPA

7.1. Defendant's use of the name "State Collection Service" violates 15 U.S.C. § 1692e(1), which prohibits any debt collector from giving "[t]he false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States **or any State**, including the use of any badge, uniform, or facsimile thereof." (emphasis added).

7.2. The implication that the debt has been assigned to the state for collection necessarily creates a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

7.3. All communications from Defendant State to Plaintiff Born and any other Washington consumer, which included in whole or part the name "State Collection Service" were unfair attempts to collect amounts not permitted by law in violation of § 1692f.

## VIII. CLASS ALLEGATIONS

8.1. This action is brought on behalf of a class consisting of:

8.1.1. All persons residing in Washington State who received a communication from Defendant State Collection;

8.1.2. For purposes of the WCPA, all persons and businesses who, within (4) four years preceding the filing of this Complaint, received any communication from Defendant State that was an attempt to collect a claim;

8.1.3. For purposes of the FDCPA, all consumers who, within (1) one year preceding the filing of this Complaint received any communication from Defendant State that was an attempt to collect a debt; and

8.1.4. Where such communication contained any reference, in whole or part, to the name "State Collection Service";

8.2. Plaintiff Born has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

8.3. Plaintiff Born will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

8.4. Neither Plaintiff Born nor their counsel have any interests which might cause them not to vigorously pursue this claim.

8.5. A class action is a superior method for the fair and efficient adjudication of this controversy.

8.6. Class wide damages and injunctive relief are essential to induce Defendant State to comply with the law.

8.7. In the (1) one year prior to the filing of this Complaint, Defendant communicated using the name State Collection Service with more than one hundred Washington residents.

8.8. In the (4) four years prior to the filing of this Complaint, Defendant communicated using the name State Collection Service with more than one hundred Washington residents.

8.9. The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because

the amount of damages recoverable in a FDCPA, WCAA, and CPA damages case is relatively small.

8.10. Certification of a class pursuant to Fed.R.Civ.Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

8.11. Certification of a class pursuant to Fed.R.Civ.Pro. 23(b)(2) is also appropriate. Defendant acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## IX. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

9.1. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2);

9.2. Actual damages sustained under the FDCPA, WCAA, and/or CPA;

9.3. Treble damages pursuant to the CPA, RCW 19.86.090;

9.4. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), and/or the CPA, RCW 19.86.090;

9.5. Declaratory judgment that Defendant's practices violate the FDCPA, WCAA, and CPA;

9.6. Interest and other fee stripping pursuant to RCW 19.16.450; and

9.7. Such other and further relief as may be just and proper.

DATED this 30th day of November, 2018.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff