UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSE BORN, on behalf of herself and all other similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>STATE COLLECTION SERVICE, INC., a foreign profit corporation,<br><br>                 Defendant. | NO. 2:18-CV-0374-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant State Collection Service, Inc.'s Motion for Summary Judgment (ECF No. 14). This matter was heard with oral argument on June 18, 2019. The Court has reviewed the record and files therein, and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

## BACKGROUND

On November 30, 2018, Plaintiff Rose Born initiated this putative class action against Defendant State Collection Service, Inc. ("State") under the Fair

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Washington Collection Agency Act ("WCAA"), RCW 19.16 *et seq.*, and Washington's Consumer Protection Act ("WCPA"), RCW 19.86 *et seq*. ECF No. 1. Plaintiff primarily alleges that Defendant's name "State Collection Service" gave the false impression that the debt collection company was in some way associated with the State of Washington in violation of the FDCPA.

On April 24, 2019, Defendant State filed a Motion for Summary Judgment, seeking dismissal of Plaintiff's federal and state law claims. ECF No. 13. Plaintiff filed a response to Defendant's motion on May 28, 2019. ECF No. 20. In her response, Plaintiff voluntarily withdrew her state law claims under the WCAA and the WCPA. *Id*. at 12. Accordingly, those state law claims are hereby dismissed. Only Plaintiff's FDCPA claims remain before the Court.

## FACTS

The following are the undisputed facts unless otherwise noted. Between January 31, 2018, and February 1, 2018, Plaintiff received medical services at MultiCare Deaconess Hospital ("Deaconess Hospital") in Spokane, Washington. ECF No. 17 at ¶ 9. The charges for Plaintiff's medical services totaled $16,051.51. *Id*.

On August 15, 2018, Plaintiff made a payment of $7,419.00 on her account. ECF No. 17 at ¶ 12. On August 29, 2018, Plaintiff received a write-off of her

balance, totaling $8,200.88, for qualifying charity care from Deaconess Hospital. *Id*. at ¶ 13. After applying the charity care discount to her account, Plaintiff was left with a balance of $431.63 ($16,051.51 less $8,200.88 less $7,419.00). *Id*. Deaconess Hospital also gave Plaintiff an additional self-pay discount of $361.16, further reducing Plaintiff's remaining balance to $70.47. *Id*. On October 15, 2018, Plaintiff made a $10.00 payment to Deaconess Hospital, which left a balance of $60.47 on her account. *Id*. at ¶ 15.

On or about November 2, 2018, Deaconess Hospital sent Plaintiff's account to collections. *Id*. at ¶ 16. The account was received by and assigned to Defendant State on November 5, 2018. *Id*. That same day, Plaintiff called Deaconess Hospital's "Patient's Financial Experience Department" to discuss the status of her account. *Id*. at ¶ 17. Speaking with a Hospital employee, Plaintiff explained that she received a threatening letter informing her that her account was going to be sent to collections. *Id*. at 3. The Hospital employee confirmed that Plaintiff's account "did leave the office and go to collections as of last week." *Id*. at 4. When Plaintiff asked if she could do anything about the account being sent to collections, the Hospital employee stated that she could "definitely provide [Plaintiff] with the number for the agency" that had been assigned the account. *Id*. After noting the phone number, Plaintiff asked the Hospital employee to provide "the name of the

collection agency." *Id*. The Hospital employee stated that the name of the collection agency was "State Collections." *Id*.

On November 7, 2018, Defendant State sent its first collection notice to Plaintiff. *Id*. at ¶ 18; *see id*. at 22 (Ex. 3). The letter informed Plaintiff that a past due account had been referred to Defendant for debt collection from Deaconess Hospital and confirmed that the account balance was $60.47. *Id*. The letter was printed on Defendant State's letterhead, which displayed the name "State Collection Service Inc." along with an address in Madison, Wisconsin. *Id*. The following disclosure was included at the bottom of the letter:

> This communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.
>
> **This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**

*Id*. (emphasis in original).

Before the letter was received by Plaintiff, on November 8, 2018, Plaintiff called Defendant State to discuss the status of her account. *Id*. at ¶ 19. After pulling up Plaintiff's account and asking Plaintiff to verify her date of birth, an employee of Defendant State made the following disclosure:

> I do have to state that I am a debtor collector with State Collections Service and this call is an attempt to collect a debt any information obtained is used for that purpose and It does look like the balance here is with MultiCare Deaconess for $60.47. How are you planning to resolve this ma'am?

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

*Id*. Following this disclosure, Plaintiff and Defendant's employee discussed payment arrangements. Plaintiff stated that she would check her checking account and call back. *Id*.

After the letter was received by Plaintiff and after consulting her attorney, on November 29, 2018, Plaintiff again called Defendant State. *Id*. at ¶ 20; Counsel's concession at oral argument. As before, Defendant's employee stated at the beginning of the call that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose" and that Plaintiff's account related to a "balance of $60.47 with MultiCare." *Id*. at ¶ 20. Plaintiff confirmed that she was calling to resolve the balance on her account and proceeded to pay the remaining $60.47. *Id*. The following day, Plaintiff initiated this putative class action against Defendant State.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If the non-moving party lacks support for an essential element of their claim, the moving party is

entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

At the summary judgment stage, the Court does not weigh the evidence presented, but instead determines whether it supports a necessary element of the claim. *See id.* To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. Fed. R. Civ. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986). The Court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment. *Orr v. Bank of America*, *NT & SA*, 285 F.3d 764 (9th Cir. 2002).

### I.  FDCPA Claims

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. There are three threshold requirements for an FDCPA claim: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA. In the instant motion, Defendant State argues that it is entitled to summary judgment on Plaintiff's FDCPA claims because Plaintiff has

failed to establish that Defendant violated the FDCPA by using the word "State" in its name. The Court addresses the specific violations asserted by Plaintiff below.

**1. Violation of 15 U.S.C. § 1692e(1) and (2)(A)**

Section 1692e of the FDCPA broadly prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Act includes a non-exclusive list of examples of proscribed conduct, including:

> (1) The false representation or implication that a debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> (2) The false representation of—
>
>   (A) the character, amount, or legal status of any debt[.]

15 U.S.C. § 1692e.

"In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law." *Gonzales*, 660 F.3d at 1061. The analysis is objective and "takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id.* (quoting *Terran v Kaplan*, 109 F.3d 1428, 1432 (9th Cir.

1997)). "Most courts agree that although the least sophisticated debtor may be uninformed, naïve, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012).

Additionally, in assessing FDCPA liability, courts "are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. In other words, a debt collector's false or misleading representation must be "material" in order for it to be actionable under the FDCPA. *Id*. at 1033. "The purpose of the FDCPA, 'to provide information that helps consumers to choose intelligently,' would not be furthered by creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) or undermines it (if the statement is incorrect).'" *Id*. (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)). Thus, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [section] 1692e." *Id*.

As Plaintiff explains, the "core allegation" in her Complaint is that Defendant State violated the FDCPA "by using the name 'State Collection Service' in all of its communications with consumers—thereby potentially giving the false

impression that it is somehow affiliated with a state government . . . ." ECF No. 20 at 5. More specifically, Plaintiff alleges that Defendant, through its use of the name "State Collection Service," (1) misrepresented that it was affiliated with a State, in violation of section 1692e(1), and (2) falsely represented that Plaintiff's debt had been assigned to the State for collection, in violation of section 1692e(2)(A). ECF No. 1 at ¶¶ 7.1-.2.

Viewing Defendant's communications with Plaintiff—i.e., the November 7th collection notice, the November 8th phone call, and the November 29th phone call—in the light most favorable to Plaintiff and from the perspective of the least sophisticated consumer, the Court finds that Defendant's use of the name "State Collection Service" alone does not rise to a violation of section 1692e(1) or (2)(A).[1] Regarding the November 8th phone call, the Court does not find the use of the term "State" or the omission of term "Inc." in Defendant's name to be deceptive or misleading as a matter of law when Defendant's employee confirmed

---

[1] In evaluating Defendant's representations to Plaintiff, the Court does not consider Plaintiff's communication with Deaconess Hospital on November 5, 2018. Deaconess Hospital is not a debt collector under the FDCPA, nor are the Hospital's communications with Plaintiff imputable to the Defendant for purposes of liability under section 1692e.

that Defendant was a debt collector who was pursuing a debt owed to the original creditor—Deaconess Hospital—and specified the correct balance on the account. ECF No. 17 at ¶ 19. Similarly, the November 7th collection letter was not misleading when it included the proper attributes of Defendant's corporate name, the correct account balance, and again indicated that the communication was from a debt collector who was pursuing a debt owed to an original creditor. *Id.* at 22. And as for the November 29th phone call, Plaintiff's final communication with Defendant State, Defendant's employee once more confirmed what could only be evident to the least sophisticated debtor in light of these prior communications—Defendant State was a debt collector, the communication with Plaintiff was for the purpose of collecting a debt, and the past due account at issue had been referred to Defendant by Deaconess Hospital with a balance of $60.47. *Id.* at ¶ 20. For these reasons, Defendant's collection notice and subsequent communications with Plaintiff did not "falsely represent" that Defendant was "vouched for, bonded by, or affiliated with . . . any State." 15 U.S.C. § 1692e(1).

Moreover, even if Defendant's use of the term "State" or omission of "Inc." could be construed as faintly misleading, it was not a material misrepresentation that affected Plaintiff's ability to "intelligently choose" her response to the collection notice. *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014). As noted, "false but non-material representations are not likely to mislead

the least sophisticated consumer and therefore are not actionable under [section 1692e]." *Donohue*, 592 F.3d at 1033. Here, Plaintiff contacted Deaconess Hospital and then the Defendant to resolve the outstanding balance on her account. Moreover, all of Defendant's communications with Plaintiff identified the original creditor and the amount of the debt, containing "no genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Tourgeman*, 755 F.3d at 1119 (quoting *Donohue*, 592 F.3d at 1034).

In short, the Court finds that the least sophisticated debtor would not be misled by Defendant's use of the name "State Collection Service." Accordingly, the Court dismisses Plaintiff's claims under 15 U.S.C. § 1692e(1) and (2)(A).

**2. Violation of 15 U.S.C. § 1692f**

Plaintiff also brings a claim under section 1692f of the FDCPA, which states that: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In her Complaint, Plaintiff generally asserts that "[a]ll communications from Defendant State to Plaintiff Born and any other Washington consumer, which included in whole or part the name 'State Collection Service' were unfair attempts to collect amounts not permitted by law in violation of § 1692f." ECF No. 1 at ¶ 7.3.

Because the Court concludes that Defendant's use of the name "State Collection Service" was not materially false or misleading, the Court also finds

that Defendant's use of the name was not an unfair attempt to collect a debt under section 1692f.  Accordingly, Plaintiff's claim under section 1692f of the FDCPA is dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

2. The Court dismisses Plaintiff's FDCPA claims against Defendant **with prejudice**.

The District Court Executive is directed to enter this Order, enter Judgment for the Defendant and furnish copies to counsel.

**DATED** June 18, 2019.

THOMAS O. RICE
Chief United States District Judge